IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EDWARD A. BILISKI,                )
                                  )
            Plaintiff,            )
                                  )        Civil Action No. 06-740 (GMS)
        v.                        )
                                  )
RED CLAY CONSOLIDATED             )
SCHOOL DISTRICT BOARD OF          )
EDUCATION, *et al.*,              )
                                  )
            Defendants.           )

## MEMORANDUM

## I.    INTRODUCTION

On December 5, 2006, plaintiff Edward A. Biliski ("Biliski") filed this action against Red

Clay Consolidated School District Board of Education (the "Board"), the individual members of the

Board, the Superintendent of Red Clay Consolidated School District, and Red Clay Consolidated

School District ("Red Clay") itself (collectively, the "defendants"), asserting a claim pursuant to 42

U.S.C. § 1983 (2007).  Biliski claims that his procedural due process was violated when he was fired

from his position as a computer technician at Red Clay.  The plaintiff seeks declaratory relief,

reinstatement with Red Clay, monetary damages, and costs and attorneys' fees.  Presently before the

court are the defendants' motion for summary judgment and Biliski's cross motion for summary

judgment.  For the reasons stated below, the court will grant the defendants' motion and deny

Biliski's motion.

## II.   FACTUAL BACKGROUND

The plaintiff began work as a Computer Technician at Red Clay in March 2001.  (D.I. 37 at

3.)  Biliski remained at this position, except for a brief stint as a Help Desk Coordinator, until his

termination in August 2006.  (Id.)  Biliski's work at Red Clay was satisfactory until he received his

first disciplinary memo in March 2006.  (Id. at 4; D.I. 38 at A3.)  Biliski had a meeting with Cara

Gaudino, the Service Coordinator for the Technology Department, and Ted Ammann ("Ammann"),

the Manager of Technology, regarding the contents of the memo.  (D.I. 37 at 4.)  According to the

memo, Biliski had not completed two assignments and was disrespectful at a training session.  (D.I.

38 at A3.)  Biliski received a second disciplinary memo, on July 31, 2006, regarding an assignment

deadline he had missed.  (Id. at A4.)  Once again, Biliski met with Ammann to discuss the contents

of the memo.  (D.I. 37 at 6.)  The bottom of the memo states, "Future missed deadlines will result

in disciplinary action up to and including termination."  (D.I. 38 at A4.)  Ammann directed Biliski

to sign the memo, but Biliski refused.  (Id. at A69-70.)

On August 8, 2006, Biliski met with Ammann and Debra Davenport ("Davenport"), Manager

of Human Resources, to discuss Biliski's other recent performance problems.  (D.I. 37 at 7.)  At the

meeting, Biliski was handed three disciplinary memos dated August 7, 2006.  (D.I. 38 at A6-8.)  The

first memo stated that Biliski left work without notifying his supervisor.  (Id. at A6.)  The second

memo described an incident in which an e-mail was sent to the workers stating that they were unable

to park in the back parking lot and, therefore, needed to park in the front of the building.  (Id. at A7.)

Biliski, however, parked in the fire lane behind the building.  (Id.)  The third memo stated that

Barbara Moore, a Technician Assistant, asked the Technology Department personnel to unload

technology equipment from a van, but Biliski refused.  (Id. at A8.)

During the discussion of these three memos, Biliski attempted to respond, but he was directed

to wait until Davenport and Ammann were done speaking.  (Id. at A91.)  Biliski testified that he

never was provided an opportunity to discuss his viewpoint regarding the three memos.  (Id. at A92.)

Ammann then handed Biliski a letter, dated August 8, 2006, which stated, "[d]ue to poor work performance your name will be submitted to the Board for termination. If approved[,] your date of termination will be effective August 11, 2006." (Id. at A9.) When Biliski saw the letter, he became very angry. (Id. at A91.) Biliski stood up, removed his I.D. badge, threw it at Ammann, used profanity, and threw his pencil at Ammann, hitting him in the chest. (Id. at A92.) Later that night, Biliski re-read the letter and realized that the Board would have to approve his termination. (D.I. 41 at A13.) Biliski then attempted to contact individual Board members by telephone, and asked them not to terminate his employment until they heard his side of the story. (D.I. 38 at A28.)

Biliski had conversations with some of the Board members, but he could not identify their names. (Id. at A28-29.) President of the Board, Irwin J. Becnel, Jr. ("Becnel"), recalled speaking with Biliski. (Id. at A110.) Biliski told Becnel that he had a letter he wanted the Board to read regarding the personnel action against him. (Id.) Becnel advised Biliski to take the letter to Robbie Miller, the Board Secretary, and she would distribute it to the Board. (Id.) Biliski took his letter to the district office, where it was copied and placed in the Board packet for the meeting on August 16, 2006. (Id. at A32.) Biliski's termination and his letter were discussed at an executive session of the Board on August 16, 2006. (Id. at A111-12.) After this discussion, the Board approved Biliski's termination. (Id. at A25.) Biliski never was asked to appear before the Board, and was not present for either the executive session or the public session, on August 16, 2006. (Id. at A32, A111.) Davenport sent Biliski a letter, on August 17, 2006, informing him of the Board's decision and outlining his pension and benefit information. (Id.) Biliski testified that he never received this letter, even though the address was correct. (D.I. 41 at A15.) Finally, Biliski sent a letter to Diane Dunmon ("Dunmon"), Deputy Superintendent, on August 21, 2006, asking to meet with a personnel

representative to discuss his termination.  (Id. at A56.)  Dunmon testified that she did not respond to this letter.  (Id. at A19.)

## III.    STANDARD OF REVIEW

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56©; *Biener v. Calio*, 361 F.3d 206, 210 (3d Cir. 2004).  In reviewing summary judgment decisions, the Third Circuit views all evidence and draws all inferences in the light most favorable to the non-movant, affirming if no reasonable jury could find for the non-movant.  *See Whiteland Woods, L.P. v. Twp. of West Whiteland*, 193 F.3d 177, 180 (3d Cir.1999).  Thus, a trial court should only grant summary judgment if it determines that no "reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

If a moving party has demonstrated the absence of a genuine issue of material fact – meaning that no reasonable jury could find in the nonmoving party's favor based on the record as a whole – concerns regarding the credibility of witnesses cannot defeat summary judgment.  Instead, the nonmoving party must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."  *Liberty Lobby*, 477 U.S. at 257.  Thus, summary judgment is particularly appropriate where, notwithstanding issues of credibility, the nonmoving party has presented no evidence or inferences that would allow a reasonable mind to rule in its favor.  In this situation, it may be said that the record as a whole points in one direction and the dispute is not "genuine." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

## IV.    DISCUSSION

In order to claim a violation of due process based on discharge from a job, a claimant must first prove that he had a constitutionally protected property right in continued employment.[1]  *See Wilson v. MVM, Inc.*, 475 F.3d 166, 177 (3d Cir. 2007); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985).  "To have a property interest in a job . . . a person must have more than a unilateral expectation of continued employment; rather, [he] must have a legitimate entitlement to such continued employment."  *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)); *see Wilson*, 475 F.3d at 177.  For purposes of procedural due process, state law determines if a property interest exists.  *See Bishop v. Wood*, 426 U.S. 341, 344 (1976).

The first issue presented is whether Biliski was an at-will employee.  Generally, Delaware law creates a "heavy presumption that a contract for employment, unless otherwise stated, is at-will in nature with duration indefinite."  *Bailey v. Wilmington*, 766 A.2d 477, 480 (Del. 2001) (internal citations omitted).  At-will employees do not possess a property interest in continued employment.  *See Thomas v. Hammonton*, 351 F.3d 108, 113 (3d Cir. 2003) (citing *Robertson v. Fiore*, 62 F.3d 596, 601 (3d Cir. 1995) (per curiam)).  Here, Biliski claims that he was not an "at-will" employee but, rather, an employee who could be terminated only for just cause.  To support his position, Biliski relies solely on a policy adopted in 1985 (the "1985 policy") by Red Clay entitled "Suspension and Dismissal of Classified Staff Members."  (D.I. 41 at A60-64.)  This policy states, "No employees will be dismissed except for just and reasonable cause, and only after an investigation has been conducted and written and signed charges have been filed with the Board."

---

[1]There is no dispute that this action is properly brought pursuant to § 1983.

5

(Id.)  Biliski argues that this policy creates a constitutionally protected property interest in his continued employment.  (D.I. 42 at 9.)  The court disagrees.

The Third Circuit has held that an *employment contract* with a "just cause" termination clause can create a constitutionally protected property interest.  *Wilson* 475 F.3d at 177-78 (emphasis added).  Here, the defendants argue that Biliski did not have an employment contract with Red Clay. (D.I. 37 at 15.)  The plaintiff has not refuted this statement, and nothing in the record demonstrates that Biliski had an employment contract with Red Clay.  Instead, Biliski relies on *Kelly v. Sayreville*, 107 F.3d 1073, 1077 (3d Cir. 1997), for the proposition that an employee has a property interest in continued employment if "the employer's discretion to terminate employment is limited by a just cause requirement."  (D.I. 42 at 9.)  However, in *Kelly*, a state statute, not merely an employer's policy, provided that a police officer cannot be removed from office without just cause.  107 F.3d at 1077.  There is no Delaware statute which provides that a computer technician cannot be fired without just cause.

Moreover, the Delaware Supreme Court has held that unilateral expressions of company policies that do not set out a definite term of employment, such as in an employee handbook, do not alter an employee's at-will status.  *See Heideck v. Kent Gen. Hosp.*, 446 A.2d 1095, 1096-97 (Del. 1982); *see also Asher v. A.I. DuPont Inst. of Nemours Found.*, No. Civ.A. 84C-JL-71, 1987 WL 14876, at *3-*5 (Del. Super. Ct. 1987).  In *Heideck*, a wrongful discharge action, the employee admitted that she did not have a written contract, but argued that the employee handbook altered her at-will status.  446 A.2d at 1096.  The court found the plaintiff's argument without merit, holding that the handbook was, indeed, a unilateral expression of the defendant's policies and procedures. *Id.* at 1097.  As stated above, Biliski has not submitted any evidence demonstrating that he had an

6

employment contract with Red Clay, so the only plausible inference the court can draw is that he never had a contract. Further, unlike the employee in *Heideck*, Biliski never was provided a copy of the 1985 policy. In *Roth*, the Supreme Court made it abundantly clear that in order to have a property interest in a benefit, a person must have more than a unilateral expectation of it. 408 U.S. at 577. Biliski testified at his deposition that his expectation of ongoing employment was the length of his service at Red Clay and that he had heard through coworkers' "gossip" that Red Clay would not terminate an employee without just cause. (D.I. 38 at A31). This type of expectation of continued employment can only be classified as "unilateral," especially in light of the fact that Biliski did not receive his expectation from Red Clay management. (Id.)

Given the foregoing, the court concludes that Biliski did not have a constitutionally protected property interest in his employment at Red Clay. Because Biliski cannot overcome the first hurdle of a procedural due process analysis, it is unnecessary for the court to determine whether sufficient due process was afforded him.[2] Accordingly, Biliski has not raised any genuine issue of material fact and the defendants are entitled to judgment as a matter of law.

---

[2] The plaintiff proposes that the decision of an Appeals Referee in his unemployment benefits hearing should be given collateral estoppel effect by this Court with respect to the issue of whether he was terminated for just cause. The court, however, has already determined that Biliski was an at-will employee. Thus, it is not necessary for the court to determine whether Biliski's termination was for just cause.

**V.     CONCLUSION**

For the aforementioned reasons, the court will grant the defendants' motion for summary

judgment and deny the plaintiff's cross motion for summary judgment.


Dated: February 14, 2008                    /s/ Gregory M. Sleet_____
                                            CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EDWARD A. BILISKI,                          )
                                            )
                 Plaintiff,                 )
                                            )        Civil Action No. 06-740 (GMS)
        v.                                  )
                                            )
RED CLAY CONSOLIDATED                       )
SCHOOL DISTRICT BOARD OF                    )
EDUCATION, *et al.*,                        )
                                            )
                 Defendants.                )

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.      The defendants' Motion for Summary Judgment (D.I. 36) is GRANTED.

2.      The plaintiff's Motion for Summary Judgment (D.I. 39) is DENIED.

3.      The Clerk of Court is directed to close this case.

Dated: February 14, 2008                    /s/ Gregory M. Sleet
                                            CHIEF, UNITED STATES DISTRICT JUDGE