**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **EDWARD A. BILISKI,** | : |
|     **Plaintiff,** | : |
| | : |
|     v. | : **Civil Action No. 06-740-GMS** |
| | : |
| **RED CLAY CONSOLIDATED SCHOOL** | : |
| **DISTRICT BOARD OF EDUCATION,** *et al.,* | : |

**PLAINTIFF'S MOTION FOR REARGUMENT**

In accordance with Local Civil Rule 7.1.5, the plaintiff hereby moves the Court to grant reargument with respect to the Court's ruling in the Memorandum Decision ("Decision") (D.I. 50) that the plaintiff did not have a constitutionally protected "property interest" in continued employment with the defendants.

**Standard for Granting Reargument**

The Court's discretion to grant reargument is well established.   Local Rule 7.1.5 attempts to balance the interest in finality of judicial decisions with the recognition that courts sometimes err. *Kline v. Maritrans CP Inc.*, 791 F. Supp. 455, 467 (D.Del. 1992).  Thus, reargument should not be allowed where it would merely allow for rehashing of arguments already briefed, considered, and decided, or where the matters advanced would not reasonably alter the decision made by the court. See, *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D.Del. 1990).  On the other hand, the Court should not hesitate to grant the motion "if it overlooked facts or precedent that reasonably would have altered the result." *Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 U.S. Dist. LEXIS 68221 (D. Del. 2006).

**The Memorandum Decision**

In the Decision, the Court declined to find that plaintiff had a constitutionally protected property right in continued employment based upon the "1985 Policy" adopted by the Red Clay Board of Education entitled "Suspension and Dismissal of Classified Staff Members" which stated:

> No employees will be dismissed except for just and reasonable cause and only after an investigation has been conducted and written and signed charges have been filed with the Board.

(D.I. 41 at A60-A64).[1]

The Court concluded that the "1985 Policy" did not alter plaintiff's presumptive status as an employee-at-will under Delaware law.[2]  Based on that foundation, the Court then invoked the rule that an "at-will employee" does not possess a property interest in continued employment.[3]  Even though the Court held that plaintiff was an "employee-at-will," the Court also acknowledged that "the Third Circuit has held that an **employment contract** with a "just cause" termination clause can create a constitutionally protected property interest. *Wilson v. MVM, Inc.*, 475 F.3d 166, 177-178 (3d Cir. 2007)." (Decision, p.6) (emphasis in original).  The Court also acknowledged plaintiff's reliance on *Kelly v. Sayreville*, 107 F.3d 1073, 1077 (3d Cir. 1997) where the court found the existence of a protected property interest based on a **state statute** which provided that a police officer could not be fired without "just cause." (Decision, p.6) (emphasis added).

### Reasons for Granting Reargument

The "1985 Policy" plainly provided that plaintiff could not be terminated except for "just cause."  Furthermore, *Wilson* and *Kelly* can reasonably be read to hold that employee has a "property interest" in continued employment if the employer's discretion to terminate employment is limited by a "just cause" requirement.  Why did the Court reject *Wilson* and *Kelly* in favor of the conclusion that the "1985 Policy" did not alter plaintiff's status as an employee-at-will under Delaware law?

The answer to that question is found in the Court's interpretation and application of *Wilson* and *Kelly*, where the Court employed a "hair-splitting" approach that resulted in the narrowest possible application of those decisions to this case, or any other case.  The court limited the holding

---

[1] According to Irwin J. Becnel, Jr., the Board's President, plaintiff would have been considered a "classified employee" whether or not he belonged to a union. (D.I. 41, A24-A25).

[2] Under Delaware's employment-at-will doctrine, an "employee-at-will" can be terminated for any reason, with or without cause and at any time." *Lord v. Souder*, 748 A.2d 393, 400 (Del. 2000).

[3] See, *Thomas v. Town of Hammonton*, 351 F.3d 108, 113 (3d Cir. 2003) (an at-will employee does not have a property interest in her job).

in *Wilson* to fact situations where the plaintiff could point to an **employment contract** that contained just cause language. (Decision p. 6) ("The plaintiff has not refuted the statement [that he did not have an employment contract with Red Clay] and nothing in the record demonstrates that Biliski had an employment contract with Red Clay"). Likewise, *Kelly* was limited to situations where the plaintiff could point to a **statute** that contained just cause language. (Decision, p.6) ("There is no Delaware statute which provides that a computer technician cannot be fired without just cause").

### Reasons for Granting Reargument

The Court should grant reargument to correct a fundamental error of law. The holding in the Decision that only "contracts" or "statutes" can serve alter employee-at-will status and create "protected" property interests is fundamentally wrong and contrary to clearly established law that was either overlooked or ignored in the Decision.[4] A "property interest" in a public sector job arises when the employee has "a legitimate entitlement to....continued employment" as determined by the laws of the state in which he works. *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005). The guidelines for determining when a public employee's interest in continued employment rises to the level of a constitutionally protected "property" interest were set forth by the Supreme Court in the *Roth*[5] and *Sindermann*[6] cases. " Property interests are 'created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law -- rules or

---

[4] In presenting this Motion, the Plaintiff has studiously attempted to avoid "rehashing"arguments that have already been briefed and considered. The Decision should be reconsidered because it has ignored or overlooked controlling and legally binding decisions of the United States Supreme Court and the Third Circuit Court of Appeals. The Decision also has ignored or overlooked numerous decisions in the District of Delaware that squarely contradict the reasoning expressed in the Decision. Although the District Court decisions are not "binding" in this case, these decisions "deserve some deference on the basis of consistency and common sense, if not binding precedent." *Marcus Montgomery Wolfson & Burten, P.C. v. AM Int'l (In re AM Int'l)*, 203 B.R. 898, 905 (D. Del. 1996).

[5] *Board of Regents v. Roth, 408 U.S. 564 (1972).*

[6] *Perry v. Sindermann, 408 U.S. 593* (1972).

understandings that secure certain benefits and that support claims of entitlement to those benefits.'"
*Roth*, 408 U.S. at 464.[7]

In *Roth*, the court cited three categories of cases in which such a "legitimate claim of entitlement" had been held to exist. The first category involved situations in which an express contract granted tenure or secured the right to employment for a term not yet expired. *Id.* at 576-577. The second category involved situations where there was no express contract, but a "clearly implied promise of continued employment." *Id.* at 577.[8] The final category involved situations where statutory or administrative standards defined eligibility for a benefit and a citizen had a legitimate claim that he or she was qualified for the benefit under those standards. *Id.* at 576.

Consistent with the above holdings in *Roth* and *Snidermann*, the holding in the Decision that a property interest in continued employment can only be created by express language in a statute or contract has been squarely rejected by the Third Circuit. See, *Stana v. School District of the City of Pittsburgh*, 775 F.2d 122, 126 (3d Cir. 1985) ("Property interests are often expressly created by state statutes or regulations, but they can also arise from written or unwritten state or local government policies or from 'mutually explicit understandings' between a government employer and employee (quoting *Snidermann*, 408 U.S. at 601-602). In all cases, the relevant inquiry is whether the claimant has a 'legitimate claim of entitlement'" (quoting *Roth*,. Roth, 408 U.S. at 577.)). The teachings in *Roth* and *Snidermann* were explained in greater detail in *Morris v. Board of Education of the Laurel School District*, 401 F.Supp. 188, 208-209 (D. Del. 1975):

---

[7] The Supreme Court of Delaware has adopted the *Roth/Snidermann* definition of a "property interest." See, *Doe v. Cates*, 499 A.2d 1175, 1183 (Del. 1985); *Durig v. Woodbridge Board of Education*, 1992 Del. Super. LEXIS 404, *9-*10 (Del. Super. Ct. 1992), *aff'd without opinion*, 1993 Del. LEXIS 100 ("The existence of a property right must be determined on a case-by-case basis where entitlement may arise from a 'statute, ordinance, regulation or contract, either express or implied, or a combination thereof, as interpreted by the law of the state involved'").

[8] In *Sindermann*, the court observed that the absence of "formal contractual or tenure security" was "highly relevant" to the plaintiff's due process claim but indicated that it would not in all instances be "dispositive" of such a claim. 408 U.S. at 599. Referring to the law of implied contracts, the court noted that there were instances where "explicit contractual provisions may be supplemented by other agreements implied from 'the promisor's words and conduct in light of the surrounding circumstances.'" Id. at 602.

> The property interest claimed must thus be recognized by law and, while a teacher's expectation of continued employment need not be secured by "a formal contractual provision," it must, at least, be "secured by a no less binding understanding" fostered by the school administration.  One further principle may be deduced from *Roth* and *Sindermann*.  **A teacher must be able to point to some objective criteria, however established and defined, by which the school administration has indicated a willingness to limit its discretion.**

(emphasis added).

Under the above authorities, the Board's adoption of the "1985 Policy" was clearly a legally sufficient expression of the Board's intention to limit its discretion to fire District employees.   See, *Meding v. Hurd*, 607 F.Supp. 1088 (D.Del. 1985).[9]  In *Meding*, the court held that the Town's Charter, which empowered the Town to remove police officers "at any time" did not restrict the Town's power to confer a property interest in employment.  *Id.*, at 1105.  The court agreed with the plaintiff that the Town's subsequent adoption of a "Personnel Ordinance," which provided that employees in the "classified service" could be dismissed only for  specifically enumerated reasons was "sufficient in and of itself to convey a property interest in employment."  *Id.*  As the court explained:

> The Town's Charter empowering the Town to remove police officers "at any time" did not restrict the Town's power to confer a property interest in employment...The Charter provision does not dictate the legal status enjoyed by the Town's employees...The Town remained free to grant employees an expectation interest in continued employment. (citation omitted).  **By raising the threshold for termination of classified employees to one for cause only, the Town transformed what were formerly at-will employees, into employees with rights tantamount to property interests.**

*Id.* (emphasis added).

---

[9] The decision in *Meding* was discussed and explained at length in Plaintiff's Reply Brief, D.I. 45, pp. 2-4.  As discussed herein, except for the result, *Meding* is nearly a mirror image of this case.  Even if *Meding* is not legally binding authority in this case, *Meding* is not even mentioned, let alone distinguished, in the Decision.  Whether this omission was deliberate or was due to oversight is unknown.  Whatever the reason, especially given plaintiff's heavy reliance on *Meding*, the omission is perplexing.

The parallels between *Meding* and this case are inescapable. Like the Town, the affairs of the School District are managed by elected officials who have been delegated broad powers by the legislature.[10] Like the Town, the legislature has not prohibited the Board from conferring a property interest in continued employment on its employees. Like the "Personnel Ordinance" in *Meding*, the "1985 Policy" was duly adopted by the Board. Finally, and perhaps equally as important, *Meding* is significant because it squarely the rejected the holding in the Decision,[11] based on *Heideck*,[12] that the adoption of the "1985 Policy" was the legal equivalent of the "booklet" at issue in *Heideck* and did not alter plaintiff's status as an at-will employee:

> In *Heideck*, the Delaware Supreme Court held that a booklet issued by an employer did not change the employee's at-will employment status. **Heideck is distinguishable from the case at bar in that a booklet does not carry the legal force of a town ordinance.** Moreover, the Delaware Supreme Court conceded that under some conditions a booklet might change an employee's status, but the facts did not support such a finding in the particular case. Here, there can be no doubt that the purpose of the Personnel Ordinance was to change the employment status of employees with greater than six months of service to the Town.

*Id.*, at 1105 n.20 (emphasis added).

In addition to *Meding*, there are several other Delaware decisions where the court found a constitutionally protected property interest in continued employment based on something less that an express contract or act of the legislature. See, *Aiello v. City of Wilmington*, 426 F. Supp. 1272, 1286 (D. Del.1976) (protected property interest found to exist based on "collective bargaining

---

[10] The members of the Board are elected public officials. See, 14 *Del.C.* §1051. The Delaware Legislature has conferred on the Board the broadest possible power to conduct the business and affairs of the District. See, 14 *Del.C.* §1043 (The school board "shall have the authority to administer and to supervise the free public schools of the reorganized school district and which shall have the authority to determine policy and adopt rules and regulations for the general administration and supervision of the free public schools of the reorganized school district"). The powers conferred on the Board by the legislature did not restrict the Board's power to confer a property interest in employment by the adoption of the 1985 policy.

[11] See, Decision, p.6.

[12] *Heideck v. Kent General Hospital*, 446 A.2d 1095 (Del. 1982).

agreement, the Bureau's own Rules and Regulations, and the uncontroverted understanding of the Bureau of Fire Chief"); *Dixon v. City of Wilmington*, 514 F.Supp. 250, 253 (D. Del. 1981) ("This Court has consistently held that public employees have a property interest if the employer has set out guidelines as to grounds for discharge"); *Morris v. Board of Education of Laurel School District, supra*, 401 F. Supp. at 209 ("A teacher must be able to point to **some objective criteria, however established and defined**, by which the school administration has indicated a willingness to limit its discretion"); *Lewis v. Delaware State College*, 455 F.Supp. 239, 246 (D. Del. 1978) (finding property interest in continued employment "provisions of the Non-Bargaining Employees Handbook, which provides that employees who have served more than 90 days 'shall only be terminated for cause'"); *Hawkins v. Board of Public Education in Wilmington*, 468 F.Supp. 201, 208 n.11 (D. Del. 1979) (existence of "elaborate procedure" for terminating employees such as plaintiff supported finding of protected property interest).[13]

## Conclusion

Based on the arguments set forth above, Plaintiff respectfully submits that the Court has either overlooked or ignored numerous controlling authorities that contradict both the reasoning and the holding in the Decision. The correct application of these controlling authorities to this case will clearly alter the result reached in the Decision. As noted herein, in such a case, the Court should not hesitate to grant reargument and reconsider the Decision.

 */s/ Joseph M. Bernstein*
JOSEPH M. BERNSTEIN (#780)
800 N. King Street - Suite 302
Wilmington, DE 19801
302-656-9850
302-656-9836 (Fax)
E-mail: jmbernstein@embarqmail.com
Attorney for Plaintiff

Dated: February 20, 2008

---

[13] In *Hawkins*, the defendant also admitted that it was the practice and custom not to fire employees except for good cause. *Id.*, at 208. The court's decision , however, indicates that the court would have found a protected property interest even without such an admission.

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2008, I electronically filed the foregoing Motion for Reargument with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Barry M. Willoughby, Esquire
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street - 17th Floor
Wilmington, DE 19801

/ s/ Joseph M. Bernstein
JOSEPH M. BERNSTEIN (Bar #780)
800 N. King Street - Suite 302
Wilmington, DE 19801
302-656-9850
E-mail: jmbernstein@embarqmail.com

-8-