IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD A. BILISKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-740-GMS |
| | ) |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF EDUCATION, IRWIN J. BECNEL, JR., CHARLES CAVANAUGH, GARY LINARDUCCI, JAMES J. BUCKLEY, MARGUERITE VAVALA, YVONNE JOHNSON, MARTIN A. WILSON, SR, individually and in their official capacities as members of the Red Clay Consolidated School District Board of Education, ROBERT J. ANDRZEJEWSKI, individually and in his official capacity as Superintendent of Red Clay Consolidated School District; and RED CLAY CONSOLIDATED SCHOOL DISTRICT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR REARGUMENT

In accordance with Local Civil Rule 7.1.5, Defendants hereby reply to Plaintiff's Motion for Reargument in the above-captioned matter.

It is well-established that Motions for Reargument are not favored. *Abraham v. Lt. Costello*, 2008 U.S. Dist. Lexis 3565 ( D. Del., January 18, 2008). They are not to be used to rehash arguments already made to the Court. Reargument is only appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or made an error not of reasoning but of apprehension." *Brambles USA, Inc. v. Blocker*, 735 F. Supp 1239, 1241 (D. Del. 1990).

In this case, Plaintiff's Motion for Reargument simply rehashes his earlier claims that were fully heard both in connection with Defendants' Motion for Summary Judgment and Plaintiff's own Cross-Motion for Summary Judgment. Plaintiff asserts in his Motion for Reargument that the Court adopted a "hair splitting" approach in ruling that the 1985 policy did not alter his "at-will" status by distinguishing it from a state statute. Reargument Motion at p. 2.

Plaintiff's argument, however, simply reveals his deep misunderstanding of the applicable law. There can be no doubt that a state statute such as a state merit system or the state teacher tenure law would create an expectation of continued employment because, by definition, a state statute has the force and effect of law. In this case, on the other hand, it is beyond cavil that as a matter of Delaware state law, a mere personnel policy such as that in issue here does not have the force and effect of law, nor even rise to a level of a contractual limitation. *Heideck v. Kent General Hospital*, 446 A.2d 1095 (Del. 1982). Plaintiff's Motion for Reargument should therefore be denied.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Barry M. Willoughby*
Barry M. Willoughby, Esquire (I.D. No. 1016)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666
Facsimile: (302) 576-3345
Email: bwilloughby@ycst.com
Attorney for Defendants

Dated: February 25, 2008